### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF RHODE ISLAND

_____

| | | |
|---|---|---|
| In Re:  Kristin M. Allard | : | Chapter 7 |
| | : | No. 18-10820 |
| Debtor | : | |
| | : | |
| Charles A. Pisaturo, Jr., Chapter 7 Trustee | : | |
| Plaintiff | : | |
| v. | : | A.P. No. 19-01008 |
| Theresa Primo and Janis A. Goneconte, | : | |
| Defendants | : | |

_____

### RESPONSE TO DEFENDANT THERESA PRIMO'S
### MOTION TO VACATE

The Plaintiff, Charles A. Pisaturo, Jr., Trustee, through his counsel, hereby responds to Defendant Theresa Primo's deemed "Motion to Vacate Default" as follows:

1. In its May 17, 2019 Order, the Court stated that it would treat a one-page, hand-written paper filed by Defendant Theresa Primo (doc. No. 15) ("Ms. Primo") in this proceeding as a motion to vacate the default that had earlier been entered against her by the clerk on May 9, 2019.

2. The Trustee maintains that entry of default against her in this fraudulent transfer action was proper because Ms. Primo was, in fact, properly served under Bankruptcy Rule 7004(a)(1) through a copy of the summons and complaint in this proceeding being mailed to her at her "dwelling house or usual place of adobe."

1

3.   Nonetheless, the Trustee is aware of the Court's decision in *In re Vision Adventures*, LLC, 544 B.R. 277 (Bankr. R.I. 2016), its consideration there of a similar filing by the *pro se* defendants in that fraudulent transfer action, and its reference to "the strong policy favoring adjudicating this adversary proceeding on the merits." *Vision Adventures*, 544 B.R. at 286. Because there are sufficient parallels between the facts here and those in *Vision Adventures*, where the Court similarly treated the *pro se* defendants' objection to the entry of default as a motion to vacate the entry of default, and then granted that, 544 B.R. at 280, the Trustee, while reserving all of his other claims and arguments, chooses, for the sake of efficiency, not to object to the deemed motion to vacate the entry of default here.[1]

4.   The Trustee requests, however, also for the sake of efficiency, that, under these facts and circumstances, as briefly explained below, the Court direct, through a notice that the Trustee will ensure is both mailed and delivered to Ms. Primo's residence, that she appear before the Court so that it may instruct her on the need to file an answer or other substantive response to the complaint by a date certain and on other matters associated with the Trustee's fraudulent transfer action brought against her—about which she repeatedly professes a lack of "understanding" in her submission to the Court. (Doc. No. 15)

5.   Prior to her bankruptcy filing, the debtor, Kristin Allard, owned in her own name two unencumbered pieces of real estate, one of which was a single family residence at 11 Hudson Street in Providence, Rhode Island (the "Property"). On January 9, 2017, about a year

---

[1] The Trustee asserts that there is no valid defense to the fraudulent transfer action brought against Ms. Primo and acknowledges that the existence, or not, of a meritorious defense is one of the so-called "*McKinnon* factors" in determining whether to vacate a default. *Vision Adventures*, 544 B.R. at 286, citing to *McKinnon v. Kwong Wah Rest.,* 83 F.3d 498, 503 (1st Cir.1996). He believes, however, that it will be more efficient to proceed as he has proposed than to engage in a diversion at this point on what the merits could be of any such defense.

and four months before her bankruptcy filing, she executed and delivered a Quitclaim Deed transferring her fee simple interest in the Property to Ms. Primo, whom she has referred to as her "aunt." Ms. Primo paid nothing for the transfer to her of the unencumbered Property. She uses it as her residence. The Deed (<u>Exhibit A</u>) states that the consideration for the transfer is $1.00. The debtor in her Statement of Financial Affairs accompanying her petition states under oath that there was no consideration for that transfer and confirms that it was to her "aunt" (<u>Exhibit B</u>). She also has stated under oath at her Bankruptcy Code § 341 meeting of creditors that there was no consideration paid for that transfer. And Ms. Primo has admitted to the Trustee that no consideration was paid for that transfer.

6. The Trustee respectfully submits that there could hardly be a clearer or stronger fraudulent transfer action under Bankruptcy Code § 548—a transfer to an insider for no consideration within the two-year reach-back period of § 548.

7. The Trustee has appropriately recorded a *lis pendens* against the Property to avoid it being transferred, and has attempted to engage parties in this proceeding in discussions so that the Property can be sold now (while there is still a favorable "seller's market") with the proceeds to be held in escrow or otherwise reserved until there can be an adjudication of the party's claims and interests. Those overtures have largely been un-responded to. Ms. Primo, who continues to live at the Property, testified at a Rule 2004 examination carried out by the Trustee that she has little money, and the Trustee is concerned about the condition of and deterioration of the Property.

8. The Trustee respectfully submits that, based on the hand written response presented by her to the Court and his observations of her at her Rule 2004 examination, there is good reason to expect that Ms. Primo will continue to profess, as she has in that response, that

she doesn't "understand what this means" and that "I don't understand what to do. I don't know what I am suppose[d] to plead to." (Doc. No. 15)  He thus respectfully asserts that, in light of the foregoing, it would be beneficial if she were to appear in court where the Court could properly admonish her about the need to file an answer or other substantive response to the complaint, to do so timely, and the consequences if such an answer or other response in not filed.  A brief session before the Court of this nature will eliminate much of what Ms. Primo at present professes not to understand and will result in there being far more certainty as to results and consequences, and overall efficiency, in connection with any future filings both by her and by the Trustee.

                                        Respectfully submitted

                                        Charles A. Pisaturo, Jr.,
                                        By his Attorneys,

May 31, 2019                          */s/ Matthew J. McGowan*
                                        Matthew J. McGowan, Esquire
                                        Salter McGowan Sylvia & Leonard, Inc.
                                        56 Exchange Terrace, Suite 500
                                        Providence, RI  02903
                                        (401) 274-0300
                                        (Bar No. 2770)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

_____
                                              :
In Re:  Kristin M. Allard                     :          Chapter 7
                                              :          No. 18-10820
                                              :
         Debtor                               :
                                              :
                                              :
Charles A. Pisaturo, Jr., Chapter 7 Trustee   :
                                              :
         Plaintiff                            :
                                              :
         v.                                   :          A.P. No. 19-01008
                                              :
Theresa Primo and                             :
Janis A. Goneconte,                           :
                                              :
         Defendants                           :
_____           :


## CERTIFICATE OF SERVICE

     I hereby certify that I have this date electronically filed the **RESPONSE TO DEFENDANT'S MOTION TO VACATE** in this case with the Clerk of this Court using the CM/ECF System. The following are CM/ECF System participants in this case eligible to receive notice of the filing of such paper(s) electronically:

    Frank S. Lombardi, Esq.         fsl@lombardilawri.com

I further hereby certify that I have this date served a copy of the above-referenced paper(s) on the following non CM/ECF participants by first class mail, postage prepaid, at the addresses noted below:

Theresa Primo
11 Hudson Street
Providence, RI 02909


May 31, 2019                                             */s/ Brittany Siter*

F:\contents\Allard, Kristin\Bankruptcy Court Papers\Complaint\Default\Response to Motion to Vacate.doc